# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE MELANCON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-884 |
| | ) | |
| ALLIED COLLECTION SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHELLE MELANCON ("Plaintiff"), through her attorneys, The Moeller Law Firm, LLC, alleges the following against Defendant, ALLIED COLLECTION SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

6.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7.  Plaintiff is a natural person residing in Harvey, Jefferson Parish, Louisiana.

8.  Plaintiff is a consumer as that term is defined by the FDCPA.

9.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Las Vegas, Clark County, Nevada.

13. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from on behalf of the original creditor, Sprint.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. Starting around September, 2013, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular and work telephone at 504-450-91XX.

21. Defendant calls Plaintiff from telephone number 866-377-3956.

22. The telephone number of 866-377-3956 is one of Defendant's telephone numbers.

23. On numerous occasions, Plaintiff told Defendant to stop calling Plaintiff.

24. Specifically, Plaintiff told Defendant that Defendant was calling Plaintiff on Plaintiff's work telephone number and that the calls needed to stop.

25. Furthermore, Plaintiff also told Defendant that Plaintiff disputes owing the debt.

26. Despite this, Defendant told Plaintiff that Defendant would not stop calling Plaintiff until Plaintiff paid the debt.

27. Defendant has also threatened to ruin Plaintiff's credit if Plaintiff did not pay the debt.

28. On numerous occasions, Defendant called Plaintiff using an autodialer system.

29. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

30. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

31. Defendant's calls were placed to telephone number assigned to a cellular telephone

service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever.

33. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

34. Despite receiving the information above on numerous occasions, Defendant continued to place repeated collection calls to Plaintiff, on her cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at Plaintiff's place of employment after Defendant knew that such calls were prohibited;

b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to contact Plaintiff after Plaintiff instructed Defendant to stop calling and told Defendant that Plaintiff dugout the debt;

c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring

repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continued to contact Plaintiff after Plaintiff instructed Defendant to stop calling;

d.   Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations in connection with the collection of a debt when Defendant threatened to ruin Plaintiff's credit if Plaintiff did not pay the alleged debt; and

e.   Defendant violated §1692e(10) of the FDCPA through the use of false representations or deceptive means to collect or to attempt to collect a debt or obtain information about Plaintiff when Defendant threatened to ruin Plaintiff's credit if Plaintiff did not pay the alleged debt.

WHEREFORE, Plaintiff, MICHELLE MELANCON respectfully requests judgment be entered against Defendant, ALLIED COLLECTION SERVICES, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

39. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant's conduct violated the TCPA by:

5

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MICHELLE MELANCON, respectfully requests judgment be entered against Defendant, ALLIED COLLECTION SERVICES, INC., for the following:

44. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

45. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

46. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

47. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: _/s/ Matthew Moeller _____
         Matthew Moeller
         The Moeller Firm, LLC
         201 Saint Charles Ave., Suite 2500
         New Orleans, LA 70170
         Tel: 504-754-6981
         Fax: 504-524-7979
         matthew@moellerfirm.com
         Attorney for Plaintiff